USDC SDNY
DOCUMENT ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 7/25/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

JEFFREY M. POPPEL, *on behalf of himself and others similarly situated*,

                        Plaintiff,

-against-

ROCKEFELLER UNIVERSITY HOSPITAL, ROCKEFELLER UNIVERSITY, and ROCKEFELLER INSTITUTE,

                        Defendants.
-----------------------------------------------------------x

19-CV-1403 (ALC)

**OPINION & ORDER**

**ANDREW L. CARTER, JR., United States District Judge:**

Plaintiff Jeffery M. Poppel (hereinafter "Plaintiff" or "Mr. Poppel") brings this putative class action against The Rockefeller Institute, The Rockefeller University, and The Rockefeller University Hospital (hereinafter, "Defendants") alleging, among other things, negligent and intentional infliction of emotional distress and intrusion upon seclusion.

## PROCEDURAL HISTORY

Plaintiff initiated this case on February 13, 2019. ECF No. 1. Plaintiff filed a Complaint on February 14, 2019. ECF No. 7. On March 27, 2019, Defendants filed a Letter Motion with the Court seeking a pre-motion conference to discuss their anticipated motion to stay. ECF No. 33. Plaintiff replied on April 1, 2019. ECF No. 34. Upon review of the Letters, the Court granted Defendants leave to file their Motion and provided the Parties with a briefing schedule. ECF No. 35.

Pursuant to the briefing schedule, on April 25, 2019, Defendants filed their Motion. ECF Nos. 37-38. Plaintiff opposed Defendants' Motion on May 16, 2019. ECF No. 39. Defendants filed a Reply shortly thereafter, on May 23, 2019. ECF No. 40.

Defendants' Motion is considered fully briefed. After careful consideration, Defendants' Motion to Stay is hereby **GRANTED**.

## BACKGROUND

The facts pertinent to the disposition of the instant motion are largely procedural in nature. However, a brief synopsis of the background is helpful for context.

Mr. Poppel was born with congenital deformities of the upper extremities. Mem. Opp. Mot. p. 2, ECF No. 39 ("Opp."). As a child, like many others diagnosed with similar conditions, he visited Dr. Reginald Archibald, a preeminent pediatric endocrinologist at The Rockefeller University Hospital (the "Hospital"). *Id.* Mr. Poppel alleges that Dr. Archibald used these visits to sexually abuse his patients, including Mr. Poppel, who was eleven years old at the time. *Id.*

As allegations of sexual misconduct surfaced, the Hospital conducted two separate investigations. *Id.* p. 3. In 2018, as part of the second investigation, the Hospital hired Debevoise & Plimpton LLP ("Debevoise") as outside legal counsel. Mem. Supp. Mot. p. 4, ECF No. 38 ("Supp."). In September and October of 2018, the Hospital mailed letters to Dr. Archibald's former patients, including Mr. Poppel, asking if they had any "information [they] would like to share regarding [their] interactions with Dr. Archibald." *Id.* p. 5. Mr. Poppel claims that the letter "dredged up dark memories of grisly child sexual abuse," and led to his filing suit "regarding the highly offensive invasion of privacy and extreme emotional distress he suffered as a result of receiving the letter." Opp. p. 4. As stated, Mr. Poppel filed his Complaint on February 14, 2019. ECF No. 7.

In addition to the negligent and intentional infliction of emotional distress and intrusion upon seclusion aspect of this case, also on February 14, 2019, New York State enacted the Child Victims Act ("CVA"). Supp. p. 5. The CVA "provides for a one-year revival window during

which a survivor of any age may bring claims that were previously time-barred under the statute of limitations." *See* NY CPLR § 214-g. It is undisputed that the window for prospective plaintiffs to file claims under the CVA does not open until August 14, 2019. Opp. p. 4; Supp. p. 5. Mr. Poppel "quite forthrightly notes" that he will have individual sex abuse claims that he can file on August 14, 2019. Opp. p. 4.

In light of the pending amendment to the Complaint, Defendants seek the instant stay. Defendants claim that a "modest" stay is appropriate because Plaintiff's proposed class definition "is premised on basic factual issues about each putative class member's alleged individualized claim of childhood sexual abuse and injury." Supp. p. 6. Defendants state that a stay would streamline the case, minimize the need for multiple motions, and help avoid piecemeal and duplicative discovery. *See* Supp. Plaintiff, on the other hand, responds by suggesting that a four-month delay would not only be "severely prejudicial," but "catastrophic and case-ending." Opp. p. 8. Mr. Poppel also posits that Defendants will challenge the CVA, thus causing further unnecessary delay in this case. *Id.* p. 11.

**LEGAL STANDARD**

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its own docket with economy of time and effort for itself, for counsel, and for litigants." *LaSala v. Needham & Co., Inc.*, 399 F.Supp.2d 421, 427 (S.D.N.Y. 2005) (citing *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936)). A decision to stay proceedings is one that rests firmly within a district court's discretion. *See Catskill Mountains Chapter of Trout Unlimited, Inc. v. U.S. E.P.A.*, 630 F.Supp.2d 295, 304 (S.D.N.Y. 2009). In determining whether to grant a motion to stay proceedings, courts consider the following factors:

> (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed;

3

(2) the private interest of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*Landri v. Smith*, 2016 WL 828139, at *3 (S.D.N.Y. Feb. 29, 2016) (quoting *Kappel v. Comfort*, 914 F.Supp. 1056, 1058 (S.D.N.Y. 1996)). It is the movant who bears the burden of establishing the need for a stay, and if there is "a fair possibility that the stay for which she prays will work damages to some one else, the movant must make out a clear case of hardship or inequity in being required to go forward." *Luv N' Care, Ltd. v. Regent Baby Products Corp.*, 2014 WL 572524, at *2 (S.D.N.Y. Feb. 13, 2014) (citing *Kappel*, 914 F.Supp. at 1058); *see LaSala*, 399 F.Supp.2d at 427. The balance of these factors is done on a case-by-case basis, and the "basic goal is to avoid prejudice." *LaSala*, 399 F.Supp.2d at 427.

## DISCUSSION

A review of the *Kappel* factors indicates that, in this particular case, a stay is warranted and will ultimately aid in both expediting and organizing this case.[1] *See Kappel*, 914 F. Supp. at 1058.

The first factor asks the Court to balance Mr. Poppel's interest in proceeding expeditiously with the case with the prejudice Mr. Poppel would face if the case is delayed. *Id.* Here, although Mr. Poppel has a significant interest in proceeding quickly with this litigation, the prejudice imposed on Mr. Poppel by a temporary stay in this case would be minimal. *Id.* Plaintiff cites to the ages of the victims, parents, nurses, and employees as an indication of prejudice. Opp. p. 8. While the Court is sensitive to Plaintiff's concerns, Plaintiff's age-related arguments

---

[1] The fourth and fifth *Kappel* factors ask the Court to consider the interests of persons not parties to the civil litigation as well as the public interest. *See Kappel*, 914 F. Supp. at 1058. Neither party puts forth overly compelling arguments justifying their position in relation to these factors. Both cite to issues only tangentially related to the case in its current posture. Therefore, the fourth and fifth *Kappel* factors are neutral.

4

are far too general for the Court to infer any prejudice that would stem from a stay.[2] *See Bahl v. New York College of Osteopathic Medicine of New York Inst. of Tech.*, 2018 WL 4861390, at *2 (E.D.N.Y. Sept. 28, 2018). Thus, due to Plaintiff's inherent interest in proceeding expeditiously, the first factor weight in favor of Plaintiff, albeit slightly. *See Kappel*, 914 F. Supp. at 1058

The second factor asks the Court to evaluate Defendants' interest in staying the case and the burden of proceeding without a stay. *See Kappel*, 914 F. Supp. at 1058. Defendants' main argument is a logistical one – the case will be easier to manage and more efficient if a brief stay is imposed. *See* Supp. Defendants cite to the intertwined nature of the case and the potential for "successive rounds of briefing and discovery" should the case proceed as is. *Id.* p. 11. However, any overlap, redundancies, or duplicities would be largely avoidable in the short amount of time between now and Defendants' proposed end of the stay. Thus, although any burden on Defendants to proceed without a stay would be minimal, the second factor leans in favor of Defendants. *See Kappel*, 914 F. Supp. at 1058

The third factor – accounting for the interests of the court – weighs in favor of granting a stay in this particular case. *See Kappel*, 914 F. Supp. at 1058. A stay may be proper when "it is efficient for a trial court's docket and the fairest course for the parties." *In re Literary Works in Elec. Databases Copyright Litig.*, 2001 WL 204212, at *2 (March 1, 2001). The unique procedural posture of the case currently has the case on two separate tracks. It is undisputed that Plaintiff will be amending his Complaint to add claims pursuant to the CVA. Opp. p. 4. It is also undisputed that there is at least some overlap between the facts relevant to both sets of Plaintiff's claims. Opp. p. 7; Supp. p. 8. Plaintiff stated that his Amended Complaint will be ready on

---

[2] Courts in this District have allowed parties to proceed with particular depositions upon a specific showing of deterioration of evidence or unavailability of testimony due to illness, old age, or lapse of memory. *See TradeWinds Airlines, Inc. v. Soros*, 2011 WL 309636, at *4 (S.D.N.Y. Feb. 1. 2011). However, Plaintiff has made no such showing in this case. *See* Opp.

5

August 14, 2019 – the day the CVA window is open. Opp. p. 4. Defendants proposed a stay until September 13, 2019. Supp. p. 4. At this point, the most efficient course of action is to temporarily stay this matter to allow Plaintiff to amend his Complaint. Defendants will then respond to Plaintiff's Amended Complaint in a timely fashion.[3]

## CONCLUSION

For the aforementioned reasons, Defendants have satisfied their burden, and Defendants' Motion to Stay is hereby **GRANTED**. *Luv N' Care, Ltd.*, 2014 WL 572524, at *2. This case is hereby **STAYED** until September 13, 2019. Plaintiff is hereby **ORDERED** to file an Amended Complaint on August 14, 2019. Defendants are hereby **ORDERED** to answer or otherwise respond to Plaintiff's Amended Complaint on or before September 13, 2019.

**SO ORDERED.**

**Dated:**     **July 25, 2019**
              **New York, New York**

**HON. ANDREW L. CARTER, JR.**
**United States District Judge**

---

[3] The Court advises the Parties that any requests for extensions will be strongly disfavored in light of the stay.